## Holmes *versus* Paul.

1. It is immaterial to the purchaser of negotiable paper whether it is business paper or accommodation paper; the maker is equally liable on either.

2. A member of the board of directors and one of the finance committee of an incorporated company may purchase a note given by an individual for the accommodation of the company, and recover from the maker where he is not the agent of the company to sell the note.

ERROR to the District Court of the *City and County of Philadelphia*.

Opinion by

THOMPSON, J.—Assuming the facts stated in the affidavit to be proved, would they amount to a defence? It has been repeatedly decided by this court, and in two cases at this term (*Dornan* v. *The Miners' Life Insurance Company* and *Moore* v. *Baird*), that there is no distinction between business paper and accommodation paper negotiated. The paper in suit is of the latter kind, and this is an immaterial matter to the purchaser of it. That J. R. Paul was a member of the Union Canal Company's board of directors was a fact that did not lead him individually to perform their contracts as a corporation, much less was he bound to know that the company would not fulfil their engagement in regard to the paper, if any existed, as he became the purchaser of it before maturity, as stated in the affidavit of defence; nor was there anything wrong, or in contravention of public policy, or good faith in his purchasing, simply because he was a member of the board of directors, or one of the finance committee; as it is not alleged in the affidavit that he was the agent of the company to sell the note and then become the purchaser of it. As we see no error in the judgment, it must be affirmed.

Judgment affirmed.